UNITED STATES *v.* MARSCHING (No. 124). UNITED STATES *v.* DRAKEN-
FELD (No. 125).[1]

TIME WITHIN WHICH APPEALS CAN BE TAKEN.

Upon the organization of this court, April 22, 1910, the provisions of the organic act as to appeals became fully effective, and sixty days, not thirty, marked the period within which an appeal could be taken from a decision of the Board of General Appraisers.

## United States Court of Customs Appeals, June 22, 1910.

MOTION to dismiss appeals taken from Board of United States General Appraisers.

[Affirmed.]

*D. Frank Lloyd,* Assistant Attorney General (*Charles E. McNabb* on the brief), for the United States.

*Comstock & Washburn* (*Albert H. Washburn* and *John A. Kratz, jr.,* on the brief) for the motion.

Before MONTGOMERY, HUNT, SMITH, BARBER, and DE VRIES, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:

Motions are filed in these cases to dismiss the appeals taken by the Government, on the ground that they were not entered within the time prescribed by law.

The decision of the Board of General Appraisers was filed on the 31st of March, 1910. The appeals were allowed on the 24th day of May. This court was duly organized under the act of August 5, 1909, on the 22d day of April of the present year. The provisions of the organic act, section 29 of the tariff act, which are pertinent, read as follows:

After the organization of said court no appeal shall be taken or allowed from any Board of United States General Appraisers to any other court, and no appellate jurisdiction shall thereafter be exercised or allowed by any other courts in cases decided by said Board of United States General Appraisers; but all appeals allowed by law from such Board of General Appraisers shall be subject to review only in the Court of Customs Appeals hereby established, according to the provisions of this act * * *

The Court of Customs Appeals established by this act shall exercise exclusive appellate jurisdiction to review by appeal, as provided by this act, final decisions by a Board of General Appraisers in all cases. * * *

If the importer, owner, consignee, or agent of any imported merchandise, or the collector or Secretary of the Treasury, shall be dissatisfied with the decision of the Board of General Appraisers as to the construction of the law and the facts respecting the classification of such merchandise and the rate of duty imposed thereon under such classification, or with any other appealable decision of said board, they, or either of them, may, within sixty days next after the entry of such decree or judgment, and not afterwards, apply to the Court of Customs Appeals for a review of the questions of law and fact involved in such decision. * * * Thereupon the court shall immediately order the Board of General Appraisers to transmit to said court the record and evidence taken by them. * * *

Said Court of Customs Appeals shall have power to review any decision or matter within its jurisdiction and may affirm, modify, or reverse the same and remand the case with such orders as may seem to it proper in the premises. * * *

---

[1] Reported in T. D. 30771 (19 Treas. Dec., 772).

Section 41 provides:

* * * All acts and parts of acts inconsistent with the provisions of this act, are hereby repealed, but the repeal of existing laws or modifications thereof embraced in this act shall not affect any act done, or any right accruing or accrued, or any suit or proceeding had or commenced in any civil case before the said repeal or modification; but all rights and liabilities under said laws shall continue and may be enforced in the same manner, except as otherwise provided in section twenty-eight of this act, as if said repeal or modifications had not been made.

* * * * * * *

All acts of limitation, whether applicable to civil causes and proceedings or * * * shall not be affected thereby; and 'all suits, proceedings, or prosecutions, whether civil or criminal, for causes arising or acts done or committed prior to the passage of this act, may be commenced and prosecuted within the same time and with the same effect, except as otherwise provided in section twenty-eight of this act, as if this act had not been passed.

The appellees' contention is that these provisions, when read together, indicate the legislative purpose to continue in force the preexisting statute relative to appeals from the Board of General Appraisers so far as the same prescribed the time for appeals, and that while an appeal might be made to this court at any time after its organization, such appeal must, as to cases decided previously thereto, be taken within 30 days from the date of the rendition of the decree by the Board of General Appraisers, and the well-known rule that statutes are presumptively prospective in their operation and are not to be given retrospective operation unless the intent is made manifest by the terms of the act is invoked.

We determine these cases in full recognition of that rule. We are, however, of the opinion that the language of the act in question is clear and unmistakable, and that as to cases decided before the date of organization of the court, as well as in cases thereafter decided, the statute clearly gives the aggrieved party 60 days' time in which to appeal, wherever and whenever appeal lies to this court.

There is force in the suggestion that the only two permissible constructions of the act would be to hold that no appeal would lie to this court except in cases decided after the organization of the court, or to hold that the act applies to any case as to which the 60 days had not elapsed before the organization of the court. It is not necessary to determine in this case whether, as to cases in which the right of appeal to the circuit court would have expired had there been no organization of this court, an appeal might still be had within the 60 days, as that question is not involved.

What we do decide is that the language of the provision first above quoted, which cuts off appeals to other courts after the date of the organization of this court, provides that the appeals "allowed by law" shall be subject to review only by the United States Court of Customs Appeals, "according to the provisions of this act," in clear and unmistakable language authorizes an appeal in the manner and

within the time fixed by the act—namely, within 60 days after the entry of such decree or judgment by the Board of General Appraisers.

To give the act the construction contended for by the appellees is to read out of the provision fixing the time for appeal to this court the 60-day provision and to read into the act a provision that as to cases previously decided the court shall be governed by the practice previously existing. This would amount to judicial legislation.

Congress deemed it wise to extend the time for appeals in all cases when taken to this court to 60 days. Whether this extension was due to the fact that the court is held at a distance from the offices of the Board of General Appraisers is not known, but clearly every reason which exists for granting this time in case of appeals decided after the organization of the court applies with equal force to decisions theretofore rendered still subject to appeal and in which appeals had not been taken. It is to be kept in mind that this act as a whole speaks from August 5, 1909. It is true the appeal to this court was necessarily postponed until the organization of the court, but when that organization was effected the provisions as to appeal contained in the act became fully effective.

The motion will be *denied*.